JERRY IANNUCCI et al., Respondents, *v.* BOARD OF SUPERVISORS OF THE COUNTY OF WASHINGTON, Appellant, and STATE OF NEW YORK, Respondent.

Third Department, May 2, 1967.

*Julian V. D. Orton, County Attorney,* for appellant.

*Harold R. Moore, Jr.,* for Jerry Iannucci and another, respondents.

*Louis J. Lefkowitz, Attorney-General* (*Robert W. Imrie* and *Ruth Kessler Toch* of counsel), for State of New York, respondent.

HERLIHY, J. P. Appeal from an order invalidating as unconstitutional a plan of permanent apportionment based on weighted voting.

In this action the basic issue is whether or not weighted voting may be acceptable as a permanent system of reapportionment.

In our opinion weighted voting on the county level, although not as unrepresentative as the historical representation by Town Supervisors, is unconstitutional and the only practical solution to the problem of reapportionment is by the method of district representatives based on population or, perhaps, by the county-wide election of Supervisors at Large.

Weighted voting as thus far presented to this court (and see *Graham* v. *Board of Supervisors of Erie County*, 18 N Y 2d 672, 674) cannot satisfy the mandate of *Reynolds* v. *Sims* (377 U. S. 533) of " one person, one vote ". The inherent problem of over or under representation is caused not by the amount of the weight involved in a particular ward or town, but by the very existence of the weighting system. While weighted voting cures the previous favoritism in areas of smaller population, it by the very system itself creates new inequities in terms of power. Representatives of the larger districts, because of the weighting of their votes, necessarily have greater influence over the passage of legislation. The result is discrimination against the smaller districts. The suggestion that weighted voting can, by a complicated mathematical ratio of population, be constitutional in some instances is only begging the question and will cause the continued submission of various plans which will only delay the solution of the problem.

District representation, based on population while it will when properly drawn apparently ignore historic town lines as political subdivisions, will eliminate inherent evils in weighted voting both in the present time and in the future. It is not a question of percentage or degree but rather of equal representation. Districting results in a relatively simple apportionment, which should be readily adjustable in accordance with any variance discovered with each Federal decennial census. We would further note that with the districting system there should be little difference in the actual number of people in each district. (See *Davis* v. *Board of Supervisors of Clinton County*, 28 A D 2d 583 [decided herewith].) In all reapportionment proceedings on the county level the problem will be simplified and adjustable by resorting to a proper district plan, providing for electoral districts of equal population.

The problem of reapportionment is one of immediacy (nearly 3 years have passed since the decision of *Reynolds* v. *Sims, supra*) and counties presently apportioned by systems other than " districts " should take corrective measures so that a

proper reapportionment plan or one of Supervisors at Large may be on the ballot for the elections in 1967.

The order should be modified, on the law and the facts, so as to provide that the Board of Supervisors adopt and submit to Special Term a constitutionally valid plan of reapportionment not later than 10 days from the date of entry of the order to be entered hereon, and, as so modified, should be affirmed.

STALEY, JR., J. (dissenting). The adjusted weighted voting plan adopted by the Board of Supervisors of Washington County provides for one board member from each town in the county with additional board members for any town where the population exceeded the county quotient of 2,787 persons, such additional members to be selected on the basis of one member for every additional quotient or major part thereof. Each representative on the board is entitled to the number of weighted votes as the population of the town represented relates to the county quotient, and the votes of the additional representatives are weighted on the same basis.

I do not agree with the holding of the majority that every permanent weighted voting plan for representation on a legislative body below the State level is unconstitutional. Under the plan here, the ratio of weighted votes between the representative having the smallest number of votes and the representative having the largest number of votes is 7 to 1, and a majority of votes of the board may be cast by 9 out of 22 members, or 41% of the members of the board, which plan is not unreasonable and does not violate equality of representation as required by the Constitution.

Modified weighted voting plans having disparities much greater than the Washington County plan have been construed to be constitutional. (*Bianchi* v. *Griffing,* 256 F. Supp. 617; *Town of Greenburgh* v. *Board of Supervisors of Westchester County,* 53 Misc 2d 88.)

The United States Supreme Court has approved multi-member districting to provide equality of representation, which method has nearly identical mathematical characteristics as modified weighted voting. (*Fortson* v. *Dorsey,* 379 U. S. 433; *Burns* v. *Richardson,* 384 U. S. 73.) In multi-member districting, where unequal population districts are retained, the larger districts are awarded additional legislators in proportion to their population. Under modified weighted voting, each legislator is entitled to a number of votes proportional to the population of the represented district, and where the discrepancies in voting power are not extreme, the constitutional requirements are met.

In providing for legislative bodies on the county level, the objective of preserving the integrity of the various political subdivisions within the county should not be discouraged. Modified weighted voting provides for proportional representation according to population, and also preserves a voice for the smaller districts at the risk in some instances of concentrating a majority of the voting strength in the larger populated districts.

In *Town of Greenburgh* v. *Board of Supervisors of Westchester County* (*supra*, p. 95), the court held: "One of the dominant purposes of the plan is to continue to give separate representation in the board to the residents of each town, and each city in the county, by retaining the town and city Supervisors as members of the board, with the result that inconsistencies appear in the apportionment of legislative seats which would not be present if a plan had been adopted providing for equal representation from districts of equal population. * * * Nevertheless the legislators with the smaller constituencies have less votes in the board, and the assignment of votes, or voting power, is strictly proportional to populations. Such being the case if the assignment of legislative seats and voting power may be sustained it does not appear that population has been unduly submerged as a controlling circumstance, within the meaning of the requirements of the ' one person, one vote rule ' ".

In *Bianchi* v. *Board of Supervisors* (August 4, 1966 E. D. N. Y. not reported), the court said: "Although straight weighted voting may be defective, the Plan B-E by adding an additional member or additional members to the Board dependent upon population and by ratably dividing between the Supervisors from each town the votes given to the respective towns in accordance with units of population may avoid the defects noted by the New York Court of Appeals, and also found in Plan A."

A modified weighted voting plan thus provides some of the advantages of representation for each political subdivision while insuring a measure of equality of apportionment according to population. Such a plan, if properly employed and if reasonably applied, should not unduly burden the legislative process.

The order disapproving the modified weighted voting plan for Washington County should be reversed, and the plan should be approved.

HERLIHY, J. P., REYNOLDS, AULISI and GABRIELLI, JJ., concur in opinion per HERLIHY, J. P.; STALEY, JR., J., dissents and votes to reverse, in a memorandum.

Order modified, on the law and the facts, so as to provide that the Board of Supervisors adopt and submit to Special Term a constitutionally valid plan of reapportionment, not later than 10 days from the date of entry of the order to be entered hereon, and, as so modified, affirmed, without costs.